IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KENNETH PLATTER,

    Plaintiff,

v.                          Case No.: 4:19-cv-2012

G FORCE CEMENT WORKS, L.L.C.,
and GLEN R. BONDS,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KENNETH PLATTER, by and through his undersigned counsel, sues the Defendants, G FORCE CEMENT WORKS, L.L.C. and GLEN R. BONDS, and in support thereof alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. Jurisdiction is conferred on this Court by Title 28 U S.C. § 1337 and by Title 29 U.S.C. §216(b).

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendant, G FORCE CEMENT WORKS, L.L.C., has offices located in Montgomery County, Texas.

## THE PARTIES

4. Plaintiff is an individual who resides in Montgomery County, Texas, and worked for Defendants from March of 2018 through May 5, 2019, as a driver and was paid an hourly rate of $19.00.

5. Defendant, G FORCE CEMENT WORKS, L.L.C., is a limited liability company formed and existing under the laws of the State of Texas and at all times material to this complaint, maintained and operated a business in Montgomery County, Texas.

6. Defendant, GLEN R. BONDS, is a resident of Montgomery County Texas.

## COMMON ALLEGATIONS

7. Defendant, G FORCE CEMENT WORKS, L.L.C., operates a company primarily engaged in business of brick and stone masonry and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, G FORCE CEMENT WORKS, L.L.C., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, G FORCE CEMENT WORKS, L.L.C., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, G FORCE CEMENT WORKS, L.L.C., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. At all times material hereto, Defendant, GLEN R. BONDS, actively ran the business of Defendant, G FORCE CEMENT WORKS, L.L.C., on a day-to-day basis and acted directly or indirectly in the interest of Defendant, G FORCE CEMENT WORKS, L.L.C., in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work.

12. Plaintiff was at all times material individually engaged in commerce as his work was directly related to the movement products and information in interstate commerce.

13. Defendant, GLEN R. BONDS, had the ability to hire and fire plaintiff;

and, controlled Plaintiff's rate of pay and method of pay, schedule, and conditions of employment and was the Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

15. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

## UNPAID OVERTIME WAGES

16. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours.

17. Throughout the employment of Plaintiff, the Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.  Defendants regularly paid Plaintiff for his straight time hours only and did not pay any additional premium as required under the FLSA.

18. Defendants owe Plaintiff $2,995.95 in unpaid overtime wages.

19. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

20. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for all hours worked in excess of 40 per workweek.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment, jointly and severally, against Defendants for the following:

a. Judgment against Defendants, jointly and severally, for all unpaid overtime wages found to be due and owing;

b. Judgment against Defendants, jointly and severally, that its violations of the FLSA were willful;

c. Judgment against Defendants, jointly and severally, for an amount equal to the unpaid overtime compensation as liquidated damages;

d. If liquidated damages are not awarded, an award of pre-judgment interest;

e. Post-judgment interest at the applicable rate;

f. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims; and

g.  For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS • SCALISE LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph:  (800) 634-8042
Ph:  (512) 474-7677
Fax: (512) 474-5306
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**