# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH PLATTER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-2012 |
| | § | |
| G FORCE CEMENT WORKS, L.L.C., AND | § | |
| GLEN R. BONDS, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Kenneth Platter's motion for default judgment against defendants G Force Cement Works, L.L.C. ("G Force") and Glen Bonds ("Bonds"). Dkt. 11. Having considered the motion and applicable law, the court finds that the motion should be DENIED.

## I. BACKGROUND

On June 5, 2019, Platter filed a complaint against defendants under the Fair Labor Standards Act ("FLSA"), alleging damages for unpaid overtime wages, liquidated damages, attorney's fees, and costs. Dkt. 1 at 5–6. Platter alleges that he worked as a driver for G Force from March 2018 until May 5, 2019, during which he was paid an hourly rate of $19.00. Dkt. 1 at 2. Platter claims that, in fourteen separate weeks across his period of employment with G Force, he worked more than forty hours each week, but was only paid his hourly rate, rather than the mandatory overtime wages. Dkt. 11-1 at 2.

In July 2019, Platter attempted to serve Bonds as both an individual defendant and as the registered agent of G Force, but was unable to do so. Dkt. 6-1. The process server, via affidavit, stated that she believed "[Bonds] is clearly avoiding service." *Id.* This court granted Platter's motion

to substitute service of process on July 31, 2019, authorizing service on defendants by affixing a copy of the complaint, cover sheet, summons, and order for conference deadline and disclosure of interested persons to the door at G Force headquarters. Dkt. 7. The process server did so on August 2, 2019. Dkt. 8 at 1–2. Neither G Force nor Bonds has answered Platter's complaint.

On September 10, 2019, Platter filed a motion for entry of default final judgment. Dkt. 11 at 1. Platter's counsel certified that he mailed the motion to defendants by "U.S. Mail, First Class and Certified Mail Return Receipt Requested." Dkt. 11 at 11. Platter asks for unpaid overtime wages totaling $1,600.69, as well as liquidated damages for the same amount. Dkt. 11 at 4–5. Platter also asks for attorney's fees and costs totaling $2,590.00. *Id.* at 9. Total damages, including attorney's fees and costs, amount to $5,791.38. *Id.* at 10.

## II. LEGAL STANDARD

A plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). A default judgment is a "drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 2015) (citations omitted). "The plaintiff must submit evidence supporting that the defendant has been properly served with the summons, complaint, and the default judgment motion." *Gonzalez v. Port Packaging, L.L.C.*, No. H-18-3327, 2019 WL 3216921, at *2 (S.D. Tex. July 16, 2019) (Rosenthal, C.J.) (citing *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018)). The plaintiff must either file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit," or file an affidavit "stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C.A. § 3931(b)(1). Finally, the Local Rules

require that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. LR 5.5.

In a motion for entry of default judgment, the well-pleaded allegations in the complaint are assumed to be true. *See Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing *Thomson v. Wooster*, 114 U.S. 104, 5 S.Ct. 788 (1885)). But, "[f]or the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8." *Gonzalez*, 2019 WL 3216921, at *2 (citing *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497–98 (5th Cir. 2015)). "A complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Gonzalez*, 2019 WL 3216921, at *2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573, 127 S.Ct. 1955 (2007)). The pleadings must be sufficient to have "nudged [the plaintiff's] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III. ANALYSIS

Platter properly served his complaint and this motion for entry of default judgment upon the defendants. The process server affixed the complaint to Bonds's door over two months ago. Dkt. 8 at 1–2. In the motion for entry of default judgment, Platter's counsel certified that he "mailed the foregoing document and the notice of electronic filing by U.S. Mail, First Class and Certified Mail Return Receipt Requested" to the defendants at their place of business. Dkt. 11 at 11. However, Platter has not submitted an affidavit attesting to Bonds's military status, as required by 50 U.S.C.A. § 3931(b)(1). For this reason, default judgment cannot be awarded as to Bonds.[1] However, default

---

[1] "A corporate entity is not a service member under the statute." *Van Winkle v. JSCP, LLC*, No. H-17-1986, 2018 WL 3756963, at *2 (S.D. Tex. Aug. 8, 2018) (Miller, J.) (citing *Davis v. City of Phila.*, 821 F.3d 484 (3d Cir. 2016)). Thus, no affidavit was required as to G Force.

3

judgment is improper as to both defendants for another reason: Platter fails to state a claim under the FLSA.

"An FLSA unpaid overtime claim requires that: (1) an employer-employee relationship existed during the claimed unpaid overtime periods; (2) the employee was involved in activities within FLSA coverage; (3) the employer violated the overtime wage requirement; and (4) the amount of overtime compensation owed." *Gonzalez*, 2019 WL 3216921, at *3 (citing *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014)). "The FLSA mandates minimum wage and overtime compensation for employees who are : (1) 'engaged in commerce or in the production of goods for commerce' (individual coverage) or (2) 'employed in an enterprise engaged in commerce or in the production of goods for commerce' (enterprise coverage)." *Landeros v. Fu King, Inc.*, 12 F. Supp. 3d 1020, 1022 (S.D. Tex. 2014) (Crane, J.) (quoting 29 U.S.C. §§ 206(a), 207(a)). The FLSA defines "an enterprise engaged in commerce or in the production of goods for commerce" as one that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" and that "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). In the instant case, Platter invokes both coverages, alleging that G Force "employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00," while also alleging that he was "individually engaged in commerce as his work was directly related to the movement [of] products and information in interstate commerce." Dkt. 1 at 3.

**A. Individual Coverage**

"To adequately plead individual coverage under the FLSA, plaintiffs must allege that, at times relevant to their claim, they were 'engaged in commerce or in the production of goods for

commerce.'" *Shorts v. Primeco Auto Towing, L.L.C.*, No. H-13-2794, 2014 WL 3670004, at *2 (S.D. Tex. July 22, 2014) (Miller, J.) (quoting 29 U.S.C. § 207 (a)(2)(C)). Under the FLSA, "'commerce' means interstate commerce." *Id.* (citing *Polycarpe v. E & S Landscaping Serv., Inc.*, 616 F.3d 1217, 1221 (11th Cir. 2010)). "[P]laintiffs who allege the elements of individual coverage under the FLSA without explaining their involvement in interstate commerce do not sufficiently plead individual coverage." *Id.* at *3. In *Shorts*, this court held that plaintiffs had failed to comply with Rule 8(a)(2) where plaintiffs "allege[d] no facts in support of individual coverage except that [they] worked for defendants as tow truck drivers." *Id.* Here, as in *Shorts*, Platter has offered this court no facts beyond his employment as a truck driver. Therefore, Platter has not sufficiently pled individual coverage.

**B. Enterprise Coverage**

Platter also offers no facts to support the conclusion that he was covered under the FLSA's "enterprise coverage." Platter's allegations of G Force's business size are merely a "formulaic recitation of the elements" of FLSA enterprise coverage, which is insufficient to state a claim. *See Twombly*, 550 U.S. at 555–57 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)). Consequently, Platter has also failed to sufficiently plead enterprise coverage.

### IV. CONCLUSION

Because Platter has not set forth sufficient facts to support a reasonable inference that either individual or enterprise coverage under the FLSA applies to his case, the court finds that entry of default judgment is improper. Platter's motion (Dkt. 11) is DENIED without prejudice.

Signed at Houston, Texas on November 5, 2019.

_____
Gray H. Miller
Senior United States District Judge

5